IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FIRST AMERICAN SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

  v.

FORD MOTOR COMPANY, *et al.*,

    Defendants.

No. C 16-05951 WHA

**ORDER RE SEALING MOTION**

## INTRODUCTION

Defendant Ford Motor Company moves to seal the amount it agreed to pay to plaintiff First American Specialty Insurance Company in connection with the forthcoming good-faith-settlement motion. Defendants Carmax Auto Superstores California, LLC, and Carmax Auto Superstores West Coast, Inc. oppose Ford's motion.

## STATEMENT

First American provided insurance for Anthony Santos's home in Fremont, California, and acts as subrogee in this action. First American alleges that insured purchased a 2002 Ford F-150 from Carmax, which had a defective speed control deactivation switch ("SCDS"). The SCDS was the subject of a recall because it was known to fail without warning and combust, but defendants failed to inform insured of the recall. The defective SCDS caught fire while on insured's property and caused damage to his home (Compl. ¶¶ 8–13).

First American sued Ford and Carmax, and Ford reached a settlement with First American on April 28, 2017 (Dkt. No. 32). Ford moves to seal the settlement amount in its

forthcoming motion for a determination of good-faith settlement on the grounds that the settlement agreement includes a contractual obligation to maintain the settlement's confidentiality, and disclosing the settlement amount will cause Ford prejudice in pending and future lawsuits. Carmax opposes Ford's motion. For the reasons set forth herein, Ford's request is **DENIED**.

**ANALYSIS**

To determine whether the "compelling reason" or the "good cause" standard applies to this sealing motion, the Court must first determine whether a motion for good-faith settlement is dispositive or non-dispositive. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–80 (9th Cir. 2006). Our court of appeals has not provided guidance on this issue and only two decisions in this district have directly addressed it. In *Prosurance Group., Inc. v. Liberty Mutual Group, Inc.*, No. 10-CV-02600-LHK, 2011 WL 704456, at *1 (N.D. Cal. Feb. 18, 2011) (Judge Lucy Koh), Judge Koh held that "a motion to determine good faith settlement is only tangentially related to the merits of the underlying cause of action" and should therefore be subject to the good-cause standard for sealing. Since that ruling, one other court in this district has considered a sealing motion in connection with a determination of good faith settlement, and likewise applied the good cause standard. *Wendell v. Johnson & Johnson*, No. C 09-4124 CW, 2014 WL 12644224, at *2 (N.D. Cal. June 10, 2014) (Chief Judge Claudia Wilken). The Court agrees with Judge Koh's reasoning, and will therefore consider whether Ford has made a particularized showing of good cause as to why this motion should be granted.

A party must make a "particularized showing" of good cause with respect to any individual document in order to justify sealing the document. *Kamakana*, 447 F.3d at 1180. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning" are not sufficient. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (internal quotation marks and citation omitted). Moreover, Ford must establish that "the document, or portions thereof [are] privileged or protectable as a trade secret or otherwise entitled to protection under the law." Civil L.R. 79–5(b).

In support of its motion, Ford submits an attorney declaration stating that disclosing the settlement amount will prejudice Ford because "similar claims and lawsuits involving Ford vehicles are still active and additional claims and lawsuits can be brought" (Gaus Decl. ¶ 6). It further observes that the settlement agreement was entered into subject to a confidentiality clause and was marked confidential pursuant to the parties' protective order (¶¶ 3–4), and that making the amount of the settlement public would contravene the public policy of adhering to contractual obligations and promoting settlement (Mot. at 2–3). Ford does not identify any relevant legal authority supporting its arguments, instead mistakenly citing only California state law in its motion.

Ford's reasoning is unpersuasive. The parties' private agreement to keep the settlement confidential is insufficient reason to seal the Court's records. Moreover, Ford's argument "that the production of records may lead to . . . exposure to further litigation will not, without more, compel the court to seal . . . ." *Kamakana*, 447 F.3d at 1179. The public has a strong interest in understanding how this Court applies California's good faith settlement law — the application of which would be constrained if the Court cannot publicize its analysis of the settlement.

Finally, as Carmax points out, it is entitled to learn the amount that Ford has agreed to pay in order to decide whether to oppose Ford's motion to determine good faith settlement. Ford has not explained how the non-settling defendant will know the amount of the settlement if it is sealed. To afford Carmax an opportunity to challenge the good faith settlement, Carmax must know what it is up against.

**CONCLUSION**

For the foregoing reasons, Ford's administrative motion to seal its settlement amount is **DENIED**. Ford shall re-file its settlement agreement consistent with this order and Civil Local Rule 79-5 by **JUNE 15**.

**IT IS SO ORDERED.**

Dated: June 8, 2017.

WILLIAM ALSUP

UNITED STATES DISTRICT JUDGE